Christopher J. Reichman  SBN 250485
PRATO & REICHMAN, APC
8555 Aero Drive, Suite 303
San Diego, CA 92123
Telephone: 619-683-7971
Facsimile:  619-241-8309

Attorney for Plaintiff
PAUL SAPAN

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| PAUL SAPAN,<br><br>        Plaintiff,<br>  vs.<br><br>THE PORTER GROUP, LLC., a Florida Limited Liability Company, BRUCE R. PORTER, an individual,<br><br>      Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES, INCLUDING PUNITIVE DAMAGES, INTEREST AND ATTORNEY'S FEES, AND FOR INJUNCTIVE RELIEF**<br><br>**Violation(s) of Telephone Consumer Protection Act of 1991<br>Trespass to Chattel<br>Unfair Business Practices** |

COMES NOW Plaintiff PAUL SAPAN (hereinafter referred to as "Plaintiff") who alleges as follows:

## JURISDICTIONAL ALLEGATIONS

1.     Plaintiff is, and at all times herein mentioned was, a resident of the Los Angeles, but has recently moved to the County of Orange, State of California.

2.     Defendant The Porter Group, LLC. ("Porter Group") is, and at all times herein mentioned was, a Florida Limited Liability Company, doing business in the County of Los Angeles, State of California.

3.     Defendant Bruce R. Porter is, and at all times herein mentioned was, an individual doing business in the County of Los Angeles, State of California.

4.     This case is filed pursuant to the Telephone Consumer Protection Act of 1991, 47 U.S.C. §227 et. seq.  The U.S. Supreme Court recently decided that federals courts have federal question subject matter jurisdiction over such civil actions under 28 U.S.C. §§ 1331 and 1441.  *Mims v. Arrow Fin. Services, LLC*, -- U.S. --, 132 S.Ct. 740, 753 (2012).  The state law claim herein arises out of a common nucleus of operative facts and is subject to supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

5.     At all times herein mentioned each defendant was the partner, agent and employee of each co-defendant herein and was at all times acting within the scope of such partnership, agency and employment and each defendant ratified the conduct of each co-defendant herein.

# **FACTUAL SUMMARY**

## CALLS TO MR. SAPAN'S RESIDENTIAL NUMBER (310-444-1999)

6.       PAUL SAPAN received fifteen (15) prerecorded calls to his home phone number (310-444-1999) from Defendants wherein they tried to pitch their mortgage modification services on the following dates and times and using the following Caller ID ("CID") numbers:

- February 27, 2012 at 10:26am, CID 225-654-0000
- April 24, 2012 at 1:50 pm, CID 404-902-5766
- May 8, 2012 at 2:52 pm, CID 404-902-5766
- May 9, 2012 at 3:29pm, CID 404-902-5766
- January 14 2013 at 3:26pm, CID 267-498-6392
- April 29, 2013 at 2:04pm, CID 267-498-6392
- May 3, 2013 at 10:47am, CID 267-498-6392
- May 6, 2013 at 1:42pm, CID 267-498-6392

- May 10, 2013 at 12:58pm, CID 267-498-6392
- May 16, 2013 at 1:42, CID 267-498-6392
- June 10, 2013 at 12:55pm, CID 267-498-6392
- July 3, 2013 at 8:10am, CID 267-498-6392
- October 2, 2013 at 11:37am, CID 267-498-6392
- December 30, 2013 at 12:01pm, CID 661-318-8328
- February 20, 2014 at 3:07pm, CID 253-236-2618

7.       Mr. Sapan's home phone has been listed on the Federal Trade Commission's "Do Not Call" registry from December 23, 2007 to the present.

8.       All of the calls used the CID number, but none of the calls transmitted any Caller ID name information as required by law.  47 C.F.R. § 64.1601(e).

Complaint

9.      On or about February 27 2012, at 10:26 am, Defendants called Mr. Sapan's home phone number using a Caller ID Number of 225-654-0000.

10.      A pre-recorded message asked Mr. Sapan to press "1" for information modifying his mortgage. Due to the ambiguous nature of the call, Mr. Sapan pressed "1" to find out which company was behind the illegal call.

11.      At this time an anonymous caller answered the phone as, "Porter Group". Mr. Sapan then hung up the phone.

12.      On or about April 24, 2012, at 1:50 pm, Defendants called Mr. Sapan's home phone number using a Caller ID Number of 404-902-5766.

13.      Mr. Sapan did not answer this call but alleges on information and belief that Defendants purpose in calling him was to try to again sell their mortgage modification services.

14.      Unfamiliar with the phone number, Mr. Sapan conducted a Google search on the telephone number.

15.      The Google search showed the number on the webpage of Porter Group, LLC, www.portergroup.org.

16.      Subsequent alleged phone calls made on May 8, 2012 and May 9, 2012 used the same CID number as the second call.

17.      These pre-recorded calls followed the same "press 1" format as the first call received by Mr. Sapan.

18.     On both calls Mr. Sapan pressed "1" for mortgage modification services to confirm who was calling.

19.     On both calls he was then connected to an anonymous caller who answered the phone as "Porter Group".

20.     During the fifth call, on or about January 14, 2013 at 3:26 pm, Mr, Sapan received a prerecorded message offering mortgage relief under a third new CID, 267-498-6392.

21.     Mr. Sapan increasingly irked by the unwarranted phone calls pressed "1" suspecting a problematic trend.

22.     He was once again connected to an anonymous caller who answered the phone as "Porter Group".  Mr. Sapan then hung up the call.

23.     The sixth call on April 29, 2013 used the same CID as the fourth, the same prerecorded message and the same answer as "Porter Group" after the "press 1" message.

24.     During the seventh call, on or about May 3, 2012 10:47 am, Defendants call Mr. Sapan's home phone using the same CID as the fifth and sixth calls, 267-498-6392.

25.     This seventh call used the same CID as the fourth, the same "press 1" prerecorded message and the same answer as "Porter Group" after the message.

Complaint

26.     Now that Mr. Sapan knew definitively that Porter Group was behind all calls to this number, Mr. Sapan told them he was not interested and to please stop calling, and then hung up the phone.

27.     All subsequent calls alleged up to October 2, 2013 used the same CID number as the fifth, sixth, and seventh calls

28.     In each of these subsequent calls which Mr. Sapan answered, Defendants used their a prerecorded "press 1" message followed by a human representative who either admitted they were from Porter Group or who gave information tracing back to Porter Group to pitch their mortgage modification services.

29.     In each of these subsequent calls which Mr. Sapan did not answer, Plaintiff alleges on information and belief that each of these calls were made by Defendants using a prerecorded message to pitch their mortgage modification services.

30.     During the fourteenth call, on or about December 30, 2013 at 12:01 pm, Defendants called Mr. Span's home phone number (310-444-1999) using a new CID number, 661-318-8328.

31.     This fourteenth call used the same prerecorded message and the same answer as "Porter Group" after the "press 1" message to sell mortgage modification services as the previous calls.

Complaint

32.     During the fifteenth call, on or about February 20, 2014 at 3:07pm, Defendants called Mr. Sapan's home phone using a new CID number, 267-498-6392.

33.     This fifteenth call transmitted a new prerecored message that began "On March 4th the Treasury Department", then the call claimed a new regulation affected credit ratings and ended, "to reduce your mortgage rates press 1".

34.     Because this call used a new CID number and a new message, Mr. Sapan pressed "1" to find out who was calling him.

35.     After pressing 1, Mr. Sapan was connected to someone who identified himself as Robert or some other similar sounding first name Conklin "of the Porter Group" and Mr. Sapan hung up immediately.

### CALLS TO MR. SAPAN'S WIRELESS NUMBER (510-333-7473)

36.     Beginning February 20, 2014 and ending March 6, 2014, Defendants called Mr. Sapan's wireless cellular line (510-333-7473) eight (8) times on the following dates and times and using the following CID numbers:

- February 20, 2014 at 1:27pm, CID 518-650-1474.
- February 21, 2014 at 10:44am, CID 518-650-1285
- February 25, 2014 at 9:40am, CID 458-201-2305
- February 27, 2014 at 10:32am, CID 718-840-6535
- February 28, 2014 at 10:03am, CID 253-236-2618
- March 6, 2014 at 9:39am, CID 323-429-4348
- March 11, 2014 at 12:40pm, CID 773-492-2731
- March 11, 2014 at 2:12pm, CID 518-650-1285

Complaint

37.     Mr. Sapan answered all of the calls above except for the February 21, 2014 call.

38.     In each of these last eight (8) calls which Mr. Sapan answered, Defendants used their a prerecorded "press 1" message followed by a human representative who either admitted they were from Porter Group or who gave information tracing back to Porter Group to pitch their mortgage modification services.

39.     In each of these last eight (8) calls which Mr. Sapan did not answer, Plaintiff alleges on information and belief that each of these calls were made by Defendants using a prerecorded message to pitch their mortgage services.

40.     None of the calls complained of were introduced by a live natural person as required by the California Consumer Legal Remedies Act.

41.     And none of the recordings complained of identify who was calling to offer these mortgage modification services as required by both federal and California law.

<u>JOINT LIANILITY OF DEFENDANTS</u>

42.     The Porter Group, LLC owns the website www.portergroup.org, mentioned above.

43.     Defendant Bruce R. Porter is designated in the Florida corporate filings for The Porter Group, LLC as the sole Manager for the organization.

44.     Plaintiff alleges on information and belief that Defendant Bruce R. Porter made the violative calls, ordered them made, knew the calls described above were being made and did nothing, or was willfully and recklessly ignorant of the fact his company was making the calls described above.

45.     Mr. Sapan has been harmed by the junk calls complained of herein by the direct waste of his time during the calls themselves, the indirect waste of time in having to break from other important tasks and spend time catching up after these junk calls, the waste of telephone service which he and not Defendants must pay for, the costs of having to pursue legal remedies, and in the aggravation and consequent health effects of stress these illegal intrusions have caused.

## **FIRST CAUSE OF ACTION**
[Violation of Telephone Consumer Protection Act of 1991
For Fifteen (15) Prerecorded Telesolicitation Calls to Residence]

46.     Plaintiff re alleges all paragraphs above and incorporates them herein by reference.

47.     Plaintiff is bringing this action pursuant to the provisions of the Telephone Consumer Protection Act of 1991 (47 U.S.C. §227 and 47 C.F.R. §64.1200 – "TCPA").

48.   Subdivision (b) (1) (B) of Section 227 of Title 47 of the United States Code makes it unlawful for any person to "initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a

- 3 -

Complaint

message without the prior express consent of the called party, unless the call is initiated for emergency purposes or is exempted by rule or order of the Commission under paragraph (2) (B);"

49.  Defendants have called Plaintiff's residential telephone line, using an artificial or prerecorded voice to deliver a message, without Plaintiff's express permission during the statutory period of the last 4 years, pursuant to 28 U.S.C. § 1658.  These calls are the only calls known to Plaintiff at this time and Plaintiff states on information and belief, without yet having the aid of full discovery, that it is quite likely that Defendant has made many more violative calls to Plaintiff's residential telephone line.  These calls were not made for any emergency purpose, nor were these calls exempt under subdivisions (a) and/or (c) of section 64.1200 of title 47 of the Code of Federal Regulations.

50.  Subdivision (b)(3) of section 227 of title 47 of the United States Code permits a private right of action in state court for violations of 47 U.S.C. §227 (b) (1) (B). Plaintiff may obtain relief in the form of injunctive relief, or Plaintiff may recover $500.00 for each violation, or both.  If the court finds that defendants' violations were willful or knowing, it may, in its discretion, award up to three times that amount.

/ / /

/ / /

---

- 4 -

Complaint

## SECOND CAUSE OF ACTION

[Violation of Telephone Consumer Protection Act of 1991
For Fifteen (15) "Do-Not-Call" List Violations]

51.   Plaintiff re alleges all paragraphs above and incorporates them herein by reference.

52.   Plaintiff is bringing this action pursuant to the provisions of the Telephone Consumer Protection Act of 1991 (47 U.S.C. §227 and 47 C.F.R. §64.1200 – "TCPA").

53.   Subdivision (c) (2) of Section 64.1200 of Title 47 of the Code of Federal Regulations makes it unlawful for any person to "initiate any telephone solicitation" to "A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations".

54.   At all times relevant to this complaint, Plaintiff had registered his residential telephone number on the national do-not-call registry maintained by the U.S. Government.

55.   Defendants have called Plaintiff's residential telephone line for solicitation purposes during the statutory period of the last 4 years, pursuant to 28 U.S.C. § 1658.  These calls are the only calls known to Plaintiff at this time and Plaintiff states on information and belief, without yet having the aid of full discovery, that it is quite likely that Defendant has made many more violative calls

Complaint

to Plaintiff's residential telephone line.  These calls were not made in error, nor did Defendant have express permission from Plaintiff to call, nor did Defendant have a personal relationship with Plaintiff.  37 C.F.R. § 64.1200 (c) (i), (ii), & (iii).

56.   Subdivision (c)(5) of section 227 of title 47 of the United States Code permits a private right of action in state court for violations the national do-not-call registry rules promulgated there under. Plaintiff may obtain relief in the form of injunctive relief, or Plaintiff may recover $500.00 for each violation, or both.  If the court finds that defendants' violations were willful or knowing, it may, in its discretion, award up to three times that amount.

## THIRD CAUSE OF ACTION
[Violation of Telephone Consumer Protection Act of 1991
For Eight (8) Prerecorded Calls To Cell Phone]

57.   Plaintiff re alleges all paragraphs above and incorporates them herein by reference.

58.   Plaintiff is bringing this action pursuant to the provisions of the Telephone Consumer Protection Act of 1991 (47 U.S.C. §227 and 47 C.F.R. §64.1200 – "TCPA").

59.   Subdivision (b) (1) (A) (iii) of Section 227 of Title 47 of the United States Code makes it unlawful for any person to "Make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded

voice...to any telephone number assigned to a paging service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call."

60.   Defendants have been calling Plaintiff's number assigned to wireless cellular phone service, using an automatic telephone dialing system or an artificial or prerecorded voice, without Plaintiff's express permission during the statutory period of the last 4 years, pursuant to 28 U.S.C. § 1658.  These calls are only the calls known to Plaintiff at this time and Plaintiff states on information and belief, without yet having the aid of full discovery,  that it is quite likely that Defendant has made many more violative calls to Plaintiff's number assigned to wireless cellular phone service.  These calls were not made for any emergency purpose, nor were these calls exempt under subdivision (c) of section 64.1200 of title 47 of the Code of Federal Regulations.

61.   Subdivision (b)(3) of section 227 of title 47 of the United States Code permits a private right of action in state court for violations of 47 U.S.C. §227 (b) (1) (A) (iii).  Plaintiff may recover $500.00 for each violation, or both.  If the court finds that defendants' violations were willful or knowing, it may, in its discretion, award up to three times that amount.

/ / /

/ / /

- 7 -

Complaint

## FOURTH CAUSE OF ACTION

[Violation(s) of California Civil Code § 1770 (a) (22) (A)
For all twenty- three (23) Prerecorded Telesolicitation Calls]

62.   Plaintiff re alleges all paragraphs above and incorporates them herein by reference.

63.   California Civil Code § 1770 (a) (22) (A) requires that all recorded messages disseminated within the state be introduced by a live, natural voice giving the name of the entity calling, the name of the entity being represented, an address or phone number for that entity, and asking permission to play the recording.  Defendant's illegal prerecorded telemarketing calls to Plaintiff failed to comply with this requirement.

64.   As a proximate result of defendants' violation of Civil Code section 1770, plaintiff has suffered and continues to suffer damages in an amount not yet ascertained, to be proven at trial.

65.   Civil Code section 1780 (a) (2) provides for an injunction against future conduct in violation of Civil Code section 1770.

66.   Civil Code section 1780 (a) (4) provides for an award of punitive damages for violations of Civil Code section 1770.

67.   Civil Code section 1780 (d) provides for an award of attorneys fees for plaintiffs harmed by California Civil Code §1770 (a) (22) (A) violations.

/ / /

## FIFTH CAUSE OF ACTION
[Trespass to Chattel – All twenty-three (23) Calls]

68.   Plaintiff re alleges all paragraphs above and incorporates them herein by reference.

69.   The conduct by defendants complained of herein, namely illegally calling Plaintiff's phone, constitutes an electronic trespass to chattel.

70.   At no time did Plaintiff consent to this trespass.

71.   As a proximate result of these intrusions, Plaintiff suffered damage in an amount according to proof, but no less than 8% of his monthly phone bills in February and March of 2014 since Defendants calls constituted 8% or more of the total calls to his phone at the height of their junk calling campaign.

72.   In making the illegal calls described above, defendants were guilty of oppression and malice, in that defendants made said calls with the intent to vex, injure, or annoy Plaintiff or with a willful and conscious disregard of Plaintiff's rights. Plaintiff therefore seeks an award of punitive damages.

## SIXTH CAUSE OF ACTION
[Engaging in Unfair Business Practices – All twenty-three (23) Calls]

73.   Plaintiff re alleges all paragraphs above and incorporates them herein by reference.

74.   Because these telephone calls violate federal statutes, they are unlawful business practices within the meaning of section 17200 of the Business

Complaint

and Professions Code.

75.   As a proximate result of these intrusions, Plaintiff suffered damage in an amount according to proof, but no less than 8% of his monthly phone bills in July and August of 2013 since Defendants calls constituted 8% or more of the total calls to his phone in the two months at the height of their junk calling campaign.

76.   Section 17203 of the Business and Professions Code entitles Plaintiff to an injunction enjoining defendants from engaging in unfair or unlawful business practices.

WHEREFORE Plaintiff prays for judgment against defendants, and each of them, as follows:

On the FIRST CAUSE OF ACTION:

1.    For an award of $500.00 for each violation of 47 U.S.C. §227;

2.    For an award of $1,500.00 for each such violation found to have been willful;

On the SECOND CAUSE OF ACTION:

3.    For an award of $500.00 for each violation of 47 C.F.R. §64.1200 (c) (2);

4.    For an award of $1,500.00 for each such violation found to have been willful;

On the THIRDCAUSE OF ACTION:

5.    For an award of $500.00 for each violation of 47 U.S.C. §227;

6.    For an award of $1,500.00 for each such violation found to have been willful;

Complaint

On the FOURTH CAUSE OF ACTION:

    7.   For compensatory damages according to proof;

    8.   For preliminary and permanent injunctions, enjoining Defendants, and each of them, from engaging in activity in violation of California Civil Code §1770 (a) (22) (A);

    9.   For punitive damages;

    10.  For attorney's fees;

On the FIFTH CAUSE OF ACTION:

    11.  For compensatory damages according to proof;

    12.  For punitive damages;

On the SIXTH CAUSE OF ACTION:

    13.  For preliminary and permanent injunctions, enjoining Defendants, and each of them, from engaging in unfair or unlawful business practices pursuant to section 17203 of the Business and Professions Code;

On ALL CAUSES OF ACTION:

    14.  For attorney's fees pursuant to California Code of Civil Procedure § 1021.5.

    15.  For costs of suit herein incurred; and

    16.  For such further relief as the Court deems proper.


DATED: February 25, 2014         **PRATO & REICHMAN, APC**



                       /s/Christopher J. Reichman, Esq.
                       By: Christopher J. Reichman, Esq.
                       **Prato & Reichman, APC**
                       Attorneys for Plaintiff
                       PAUL SAPAN

Complaint